IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03334-M-RJ

JOSEPH O. JONES,

        Plaintiff,

v.

DREW STANLEY, et al.,

        Defendants.

ORDER

On July 24, 2024, the court directed defendants, not later than August 15, 2024: to respond to plaintiff's motion to compel discovery [D.E. 32]; to inform the court both whether they intend to file dispositive motions and whether counsel of record represents defendant McKinnon; and to show cause as to the expiration of the dispositive motion deadline. See Order [D.E. 46].

On August 9, 2024, defendants moved for an extension of time to file dispositive motions and respond to the July 24, 2024, order, see Mot. [D.E. 48], and moved to supplement this motion, see Mot. [D.E. 49] (stating defendants' failure to earlier comply with discovery and file dispositive motions was the product of excusable neglect); see also Mot. Attach., [D.E. 49-1] (Aug. 9, 2024, declaration of Special Deputy Attorney General Orlando L. Rodriguez, declaring: he was interim section head for N.C. Dpt. of Justice Public Safety Section from April 22, 2024, through July 2024; this case was one of approximately 70 transferred to outside counsel for further handling due to Department vacancies; counsel of record represents McKinnon; and due to attorney oversight, the Department did not respond to plaintiff's August 11, 2023, discovery requests, but counsel of record is diligently working to respond to plaintiff's discovery requests as soon as practicable).

These filings confirm: 1) counsel of record represents defendant McKinnon; 2) discovery in this matter remains ongoing; and 3) defendants intend to file dispositive motions in this action.

After review, the court finds that defendants' failures to earlier complete discovery and file dispositive motions are attributable to excusable neglect and defendants have shown good cause for these failures. See Fed. R. Civ. P. 6(b); Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380, 395 (1993); Lovelace v. Lee, 472 F.3d 174, 203 (4th Cir. 2006).

To the extent plaintiff moves for discovery-related sanctions, see Mot. [D.E. 32], such sanctions are not appropriate because the court is reopening the discovery period and allowing the parties an extension of time to complete discovery. Moreover, defendants' delay in discovery responses was inadvertent, not in bad faith, and plaintiff has not shown that he was prejudiced by this delay. Cf. Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001).

The court now turns to what it liberally construes as plaintiff's motions seeking to strike as insufficient defendants' defenses. See [D.E. 28], Mot. [D.E. 32]; see also United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (noting courts "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions.").

A court may "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f); see Spell v. McDaniel, 591 F. Supp. 1090, 1112 (E.D.N.C. 1984) ("A defense is insufficient if it is clearly invalid as a matter of law."). When considering a motion to strike, the court "must view the pleading under attack in a light most favorable to the pleader." Racick v. Dominion Law Assocs., 270 F.R.D. 228, 232 (E.D.N.C. 2010) (citation omitted).

The court has reviewed defendants' answers, see [D.E. 18, 23]. In the light most favorable to defendants, these answers sufficiently comport with the Federal Rules of Civil Procedure and

2

the defenses asserted are not clearly invalid. See Fed. R. Civ. P. 8(b)(1)(A) (requiring a party to "state in short and plain terms its defenses to each claim asserted against it"); Fed. R. Civ. P. 8(c)(1) (requiring a party to "affirmatively state any avoidance or affirmative defense"); see also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (noting motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy," (citation omitted)); Godfredson v. JBC Legal Grp., P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C. 2005) ("The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike." (citation and quotation marks omitted)).

In sum, the court: DENIES plaintiff's motions to the extent he seeks to strike defendants' defenses [D.E. 28, 32]; DENIES WITHOUT PREJUDICE plaintiff's motion to the extent he seeks either to compel discovery or discovery-related sanctions [D.E. 32]; GRANTS defendants' motion to supplement [D.E. 49]; and GRANTS IN PART defendants' motion to extend time [D.E. 48].

The court also REOPENS discovery and AMENDS the scheduling order as follows: 1) All discovery will be commenced in time to be completed by October 14, 2024; and 2) All motions, except those relating to the admissibility of evidence at trial, shall be filed by November 15, 2024.

Finally, the court: DIRECTS the clerk to update the docket to reflect plaintiff's present incarceration at Maury C.I.; and WARNS plaintiff that any future failure to provide the court an updated address may result in the dismissal of the action without prejudice for failure to prosecute.

SO ORDERED this 16th day of August, 2024.

RICHARD E. MYERS II
Chief United States District Judge